**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MORRIS ROBERSON,

        Plaintiff,

    v.

J. FARMBROUGH, et al.,

        Defendants.

Case No.: 1:21-cv-00990-SAB (PC)

ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

(ECF No. 29)

Plaintiff Morris Roberson is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request for entry of default as to Defendant D. Goller, filed February 4, 2022.  (ECF No. 29.)

**I.**

**BACKGROUND**

On October 7, 2021, the Court ordered service pursuant to this Court's electronic pilot program for civil rights cases on Plaintiff's excessive force claim against Defendants Fambrough, Johnson, Silva, Bedolla and Furlong for excessive force, failure to intervene claim against Defendants Cruz and Rodriguez, and deliberate indifference claim against Defendants Serna, Rhodes, and Doctor David Goller.  (ECF No. 15.)

On November 12, 2021, the California Department of Corrections and Rehabilitation returned a notice of intent to not waive service as to Defendant David Goller.  (ECF No. 19.)  Thereafter, service was forwarded to the United States Marshal.  On December 28, 2021, Defendant Goller waived service of the summons and complaint.  (ECF No. 24.)

Here, the waiver of service was sent to Defendant Goller on November 15, 2021, and Defendant Goller's response was due sixty days thereafter, i.e. on or before January 14, 2022. (ECF

1

No. 24.)  However, Defendant Goller failed to file a timely response.  Therefore, on January 19, 2022, an order was issued Plaintiff to inform the Court whether entry of default should be imposed on Defendant Goller.  (ECF No. 27.)

On January 20, 2022, Defendant Goller filed an answer to the complaint.  (ECF No. 28.)

On February 4, 2022, Plaintiff filed a request for entry of default as to Defendant Goller.  (ECF No. 29.)  Pursuant to court order, Defendant Goller filed a response to Plaintiff's request for entry of default on February 10, 2022.  (ECF No. 32.)

## II.

## DISCUSSION

Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a) (1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Defendant Goller submits the following:

On November 30, 2021, counsel of record for Dr. Goller, Paul Cardinale, was first retained to protect the interests of Dr. Goller in this matter. (Cardinale Aff., ¶2.) Mr. Cardinale was advised on or about December 18, 2021 that Dr. Goller had been served with the Complaint and Summons by mail with a waiver of service but that Dr. Goller had not yet signed the waiver. (Cardinale Aff., ¶2.) On or about December 28, 2021, Mr. Cardinale spoke by phone with James Joffer from the United States Marshals Service regarding the waiver of service for Dr. Goller. (Cardinale Aff., ¶2.) That same day, Mr. Cardinale signed the waiver of service of summons on Dr. Goller's behalf and emailed it to Mr. Joffer. (Cardinale Aff., ¶2.)
Mr. Cardinale and his office calendared the deadline to file the Answer for 60 days from the date the waiver was signed based on language in FRCP 4(d)(3). (Cardinale Aff., ¶3.) Therefore, his office calendared a responsive pleading date of February 25, 2022. (Cardinale Aff., ¶3.) Mr. Cardinale has handled cases in other federal jurisdictions where the Court has permitted a 60-day period from the waiver date. (Cardinale Aff., ¶3.) Mr. Cardinale did not plan to wait the entire 60 days before filing the responsive pleading, however, Mr. Cardinale and his family contracted COVID-19 the second week of January and Mr. Cardinale was on home quarantine with symptoms related to COVID for two weeks thereafter. (Cardinale Aff., ¶3.)

On January 19, 2022, attorney Peter Lewicki, counsel for Co-Defendants in this case, contacted Mr. Cardinale by email to advise that the Court had filed an Order that day Directing Plaintiff to Inform the Court Whether Entry of Default Should be Imposed as to Defendant David Goller. (Cardinale Aff., ¶4; Doc. 27.) Since Mr. Cardinale had not yet made an appearance on Dr. Goller's behalf, he did not receive a copy of the Order through the Court's electronic filing system. (Cardinale Aff., ¶4.) Mr. Lewicki provided Mr. Cardinale with a courtesy copy of the Order. (Cardinale Aff., ¶4.) The Order indicated that Dr. Goller's responsive pleading had been due on or before January 14, 2022. (Cardinale Aff., ¶4.) Mr. Cardinale then reviewed the electronic docket for this matter. (Cardinale Aff., ¶4.) Notably, the waiver of service signed by Mr. Cardinale had been filed as Document No. 24, and the full docket text for Document 24 indicated that Dr. Goller had been "served" on December 28, 2021 and the Answer was due January 18, 2022. (Cardinale Aff., ¶4.) Although Mr. Cardinale was still on home quarantine related to COVID at the time, he contacted his office and directed his staff to prepare an Answer to the Complaint on Dr. Goller's behalf for Mr. Cardinale's review as soon as possible. (Cardinale Aff., ¶4.) Dr. Goller's Answer was filed on January 20, 2022. (Cardinale Aff., ¶4; Doc. 28.) Since a default had not yet been entered against Dr. Goller at the time the Answer was filed, Mr. Cardinale believed that the risk of default against Dr. Goller had likely been extinguished. (Cardinale Aff., ¶4.)

(ECF No. 32, at 2-3.)

Because Defendant erred in calculating the response date, has now appeared in this action by filing an answer, and attests that he intends to defend this matter, the Court cannot find that he failed to plead or otherwise defend this action.[1]  Therefore, under Rule 55, Plaintiff is not entitled to entry of default.

### III.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's request for entry of default, filed on February 4, 2022 (ECF No. 29) is DENIED.

IT IS SO ORDERED.

Dated: __February 11, 2022__

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the appropriate procedure when a defendant is appearing after the date that the responsive pleading is due is to file a motion for extension of time pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. That did not occur here.  Defendant is reminded of the obligation to comply with all deadlines and applicable rules.

3