1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS ROBINSON, | Case No. 1:21-cv-00990-ADA-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE |
| v. | |
| J. FARMBROUGH, et al., | (ECF No. 48) |
| Defendants. | |

Plaintiff Morris Robinson, is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed November 18, 2022.  Plaintiff seeks counsel because: (1) he is indigent and cannot afford a lawyer; (2) his case is complex; (3) expert testimony will be required; (4) discovery will be required; (5) his imprisonment limits his ability to investigate and locate witnesses; and (6) he has demanded a jury trial.

There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

1   Without a reasonable method of securing and compensating counsel, the Court will seek

2   volunteer counsel only in the most serious and exceptional cases.   In determining whether

3   "exceptional circumstances exist, the district court must evaluate both the likelihood of success

4   on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

5   complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

6   In the present case, the Court does not find the required exceptional circumstances.  Even

7   if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations

8   which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

9   similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to

10  his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the

11  appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most

12  actions require development of further facts during litigation and a pro se litigant will seldom be

13  in a position to investigate easily the facts necessary to support the case.")  The test is whether

14  exception circumstances exist and here, they do not.  At this stage of the litigation, the Court

15  cannot find Plaintiff is likely to succeed on the merits. In addition, circumstances common to

16  most prisoners, such as lack of legal education and limited law library access, do not establish

17  exceptional circumstances that would warrant a request for voluntary assistance of counsel.

18  Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

19

20  IT IS SO ORDERED.

21  Dated:   **November 21, 2022**   _____

22                                                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

2