UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS ROBINSON,<br><br>            Plaintiff,<br><br>     v.<br><br>J. FARMBROUGH, et al.,<br><br>            Defendants. | No. 1:21-cv-00990-ADA-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING TO GRANT PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF DEFENDANT RHOADES<br><br>(ECF No. 64) |

Plaintiff Morris Robinson is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's notice of voluntary dismissal of Defendant Rhoades, filed July 5, 2023.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's excessive force claim against Defendants Fambrough, Johnson, Silva, Bedolla and Furlong for excessive force, failure to intervene claim against Defendants Cruz and Rodriguez, and deliberate indifference claim against Defendants Serna, Rhoades, and Dr. Goller.

Defendant Goller filed an answer to the complaint on January 20, 2022. (ECF No. 28.)

Defendants Fambrough, Johnson, Silva, Bedolla, Furlong, Cruz, Rodriguez, Serna and

1  Rhoades filed an answer to the complaint on February 10, 2022. (ECF No. 31.)

2  On May 19, 2023, Defendant Rhoades filed a motion for summary judgment arguing that
3  the undisputed evidence establishes that she properly performed x-rays and did not alter or falsity
4  the digital images. (ECF No. 59.)

5  In lieu of filing a response to Defendant Rhoades's motion for summary judgment,
6  Plaintiff filed a notice of voluntary dismissal of Rhoades on July 5, 2023. (ECF No. 64.)
7  Defendant filed a response on July 13, 2023, and Plaintiff has not filed a reply. Local Rule
8  230(l).

**II.**

**DISCUSSION**

Under Rule 41(a)(1)(A)(i), a plaintiff is permitted to dismiss his case without a court order prior to a defendant serving an answer or motion for summary judgment. Dismissal under that rule is effective upon the filing of a notice of voluntarily dismissal. See Com. Space Mgmt. Co. v. Boeing Co., Inc., 193 F.3d 1074, 1078 (9th Cir. 1999) (observing that "a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it"). However, once the defendant has served an answer or motion for summary judgment, an action can only be voluntarily dismissed either by a stipulation signed by all appearing parties or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(A)(ii), (a)(2). Dismissal is without prejudice unless the stipulation or order states otherwise. Id.

A motion for voluntary dismissal should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987). " 'Legal prejudice' is 'prejudice to some legal interest, some legal claim, or some legal argument.' " Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1093 (9th Cir. 2017). It does not, however, encompass "the expenses incurred in defending against a lawsuit."

Unless plaintiff's notice of dismissal states otherwise, it is deemed to be "without prejudice." Rule 41(a)(1)(B); see also Pedrina v. Chun, 987 F.2d 608, 610, fn. 3 (9th Cir.1993).

Defendants request that the Court dismiss the action with prejudice.

Pursuant to Rule 41(a)(2), there are three separate determinations for the court to make: 1) whether to allow dismissal; 2) whether the dismissal should be with or without prejudice; and 3) what terms and conditions, if any, should be imposed. Williams v. Peralta Community College Dist., 227 F.R.D. 538, 539 (N.D.Cal.2005).

### A. Whether to Allow Dismissal

A court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless the defendant shows that he will suffer legal prejudice as a result. Smith v. Lenches, 263 F.3d 972, 975 (9th Cir.2001). " '[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.' " Smith, 263 F.3d at 976 (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir.1996). Legal prejudice does not result because the dispute remains unresolved, there is a threat of future litigation, or a plaintiff may gain a tactical advantage by the dismissal. Smith, 263 F.3d at 976.

Here, Plaintiff moves to dismiss Defendant Rhoades from the action and each party to bear their own costs and attorney's fees. (ECF No. 64.) Plaintiff does not indicate whether the dismissal should be with prejudice or without prejudice. Defendant Rhoades does not argue against dismissal, but argues that if the Court grants Plaintiff's motion, it should be granted with prejudice. For the reasons explained below, the Court finds that dismissal should be allowed with prejudice.

### 2. Whether Action Should Be Dismissed With Or Without Prejudice

Unless otherwise stated, a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2). While a dismissal without prejudice is the default position stated in Rule 41(a)(2), the court has broad discretion whether to dismiss an action with or without prejudice. Hargis v. Foster, 312 F.3d 404, 412 (9th Cir.2002). The purpose of Rule 41(a)(2) is to permit an action to be dismissed without prejudice as long as the defendant will not be prejudiced or unfairly affected by the dismissal. Stevedoring Services of America v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir.1989). In determining if an action should be dismissed with prejudice, the court can consider the fact that the defendant has filed a motion for summary judgment. In re Sizzler Restaurants

3

1  Intern., Inc., 262 B.R. 811, 822 (C.D.Cal.2001). "An attempt to avoid an adverse decision on the
2  merits may constitute legal prejudice. Id.; see also Phillips USA, Inc. v. Allflex USA, Inc., 77
3  F.3d 354, 358 (10th Cir.1996) ("party should not be permitted to avoid an adverse decision on a
4  dispositive motion by dismissing a claim without prejudice").

5        A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
6  action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v.
7  Moran, 46 F.3d 52, 53–54 (9th Cir.1995) (per curiam) (dismissal for noncompliance with local
8  rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir.1992) (dismissal for failure to comply
9  with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440–41 (9th
10 Cir.1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
11 apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.1987) (dismissal
12 for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th
13 Cir.1986) (dismissal for lack of prosecution and failure to comply with local rules).

14       In determining whether to dismiss an action for lack of prosecution, failure to obey a court
15 order, or failure to comply with local rules, the Court considers "several factors: (1) the public's
16 interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the
17 risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
18 merits; and (5) the availability of less drastic sanction." Omstead v. Dell Inc., 594 F.3d 1081,
19 1084 (9th Cir.2010); In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217,
20 1222 (9th Cir.2006); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.2002). The Court finds
21 these considerations appropriate in determining if Plaintiff's motion should be dismissed with or
22 without prejudice.

23       The "public's interest in expeditious resolution of litigation always favors dismissal."
24 Pagtalunan, 291 F.3d at 649. Plaintiff filed this action on June 23, 2021. (ECF No. 1). Defendant
25 Rhoades filed an answer to the complaint on February 10, 2022, and after an extension of time the
26 discovery deadline expired on  March 10, 2023. (ECF No. 47.) Defendant Rhoades file a motion
27 for summary judgment on the merits of Plaintiff's claims on May 19, 2023. (ECF No. 59.) In
28 lieu of filing an opposition, Plaintiff filed a notice of voluntary dismissal of Defendant Rhoades

1  on July 5, 2023.  (ECF No. 64.)  Defendant submits that although Local Rule 230(l) required

2  Plaintiff to file an opposition or a statement of non-opposition to the motion for summary

3  judgment, Plaintiff's failure to do so is the functional equivalent of a statement of non-opposition

4  to the motion and the dismissal of the claims should be with prejudice.  The Court agrees.

5        This case has been pending for over two years. With a pending decision on summary

6  judgment, Plaintiff filed a notice of voluntary dismissal. The case has consumed a significant

7  amount of judicial time and effort to reach a resolution. A dismissal without prejudice would

8  leave the potential that plaintiff could refile this action (and make some argument that the statute

9  of limitations had not run or was tolled), and begin anew what the parties have spent years

10  litigating. Only by dismissal with prejudice would the case finally be resolved. Based on the

11  foregoing, this case has consumed time that the Court could devoted the numerous other cases

12  which clog its docket. Pagtalunan, 291 F.3d at 642. Accordingly, the Court finds that the public's

13  interest in expeditiously resolving this litigation and the Court's interest in managing the docket

14  weighs in favor of dismissal with prejudice.

15        The Court finds that Defendant Rhoades would be prejudiced or unfairly affected by the

16  dismissal without prejudice. Stevedoring Services of America, 889 F.2d at 921. In this instance,

17  the allegations in the amended complaint occurred in 2019, approximately four years ago.

18  Plaintiff's motion for dismissal was filed after the completion of the discovery process, and

19  Defendant had filed a meritorious motion for summary judgment.  Plaintiff was allowed the

20  opportunity to file an opposition to the summary judgment motion, and Plaintiff decided to

21  voluntarily dismiss the claims against Defendant Rhoades.  Indeed, Local Rule 230(l) specifically

22  states, "[f]ailure of the responding party to file an opposition or to file a statement of no

23  opposition may be deemed a waiver of any opposition to the granting of the motion and may

24  result in the imposition of sanctions."  Thus, it would be unfair to deprive Defendant of a ruling

25  on the merits of a summary judgment motion at this late stage of the proceedings, and after

26  several years since the events, simply by allowing Plaintiff to move for voluntary dismissal,

27  without prejudice. Without the finality of dismissal with prejudice, Defendant faces potential

28  relitigation of issues occurring long ago after spending several years defending such claims.  The

1   third factor, risk of prejudice to Defendant, weighs in favor of dismissal with prejudice, since a
2   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
3   Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.1976).
4   　　　　The fourth factor—public policy favoring disposition of cases on their merits—is greatly
5   outweighed by the factors in favor of dismissal discussed herein. Finally, the Court's warning to a
6   party that his failure to obey the Court's order will result in dismissal with prejudice satisfies the
7   "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33;
8   Henderson, 779 F.2d at 1424.  Defendant opposed Plaintiff's motion to the extent dismissal was
9   without prejudice, and Plaintiff did not file a response.  T

### C.   Imposition of Costs

11  　　　　In addition, Defendants incurred costs of $1,451.15 in taking Plaintiff's deposition on
12  December 7, 2022, and Defendant does not agree to waive any costs that may be taxed upon entry
13  of judgment.  (Declaration of Peter Lewicki (Lewicki Decl.) ¶¶ 2-3, Ex. A.)  The Court finds that
14  dismissal of Defendant Rhoades should be with prejudice as Plaintiff moved for dismissal
15  (without opposition) after the taking of his deposition and the filing of her motion for summary
16  judgment.
17  　　　　Defendant relies on the Supreme Court's opinion in Marx v. General Revenue
18  Corporation, 133 S. Ct. 1166 (2013), to argue that it is entitled to fees and costs under Federal
19  Rule of Civil Procedure 54(d).  Rule 54(d)(1) provides that "[u]nless a federal statute, these rules,
20  or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the
21  prevailing party." Fed. R. Civ. P. 54(d)(1).  In Marx, the Supreme Court held that "a district court
22  may award costs to prevailing defendants in FDCPA cases without finding that the plaintiff
23  brought the case in bad faith and for the purpose of harassment." 568 U.S. at 374. Marx
24  maintained that courts are not required to award costs to prevailing defendants and "may
25  appropriately consider an FDCPA plaintiff's indigency in deciding whether to award costs." Id. at
26  387 n.9.
27  　　　　In determining whether to award costs under Rule 54(d)(1), the Court must first determine
28  whether Defendant is a "prevailing party." In the Ninth Circuit, a voluntary dismissal with

prejudice is sufficient to confer prevailing party status on a defendant, enabling the defendant to recover costs under Rule 54(d)(1). Zenith Ins. Co. v. Breslaw, 108 F.3d 205, 207 (9th Cir. 1997), abrogated on other grounds by Ass'n of Mexican-Am. Educ. v. Cal., 231 F.3d 572 (9th Cir. 2000); see also Nutrivita Labs., Inc. v. VBS Distribution Inc., 160 F. Supp. 3d 1184, 1190 (C.D. Cal. 2016) (analyzing Ninth Circuit precedent to conclude that voluntary dismissal with prejudice confers prevailing party status).  Here, where Plaintiff has filed a motion to voluntarily dismiss the claims against Defendant Rhoades in response to the motion for summary judgment, Defendant qualifies as the prevailing party. As the prevailing party, Defendant presumptively should be allowed to collect its costs pursuant to Rule 54(d)(1).

Based on this presumption, the losing party—here, Plaintiff—must show why costs should not be awarded. Save Our Valley v. Sound Transit, 335 F.3d 932, 944–45 (9th Cir. 2003). The district court need only give affirmative reasons when denying costs; no explanation is needed when awarding costs. Id. at 945.  Plaintiff has not filed a reply to Defendant's response and has presented no arguments against imposing costs as requested.  Thus, there is no reason for denying costs to overcome the presumption in favor of an award. See, e.g., Rodriguez v. IC Sys., No. EP-16-CV-00186-DCG, 2017 WL 2105679, at *4 (W.D. Tex. May 12, 2017) (awarding the defendant Rule 54(d)(1) costs after the plaintiff voluntarily dismissed FDCPA claims with prejudice). Defendant may file a proposed bill of costs, defined by 28 U.S.C. § 1920, in conformance with Local Rule 292.

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's request to voluntarily dismiss Defendant Rhoades be granted, with prejudice and subject to any applicable costs.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 9, 2023**

UNITED STATES MAGISTRATE JUDGE