UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. FARMBROUGH, et al.,<br><br>    Defendants. | No. 1:21-cv-00990-ADA-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF DEFENDANT SERNA PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(ECF No. 20) |

Plaintiff Morris Robinson is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This action proceeds on Plaintiff's excessive force claim against Defendants Fambrough, Johnson, Silva, Bedolla and Furlong for excessive force, failure to intervene claim against Defendants Cruz and Rodriguez, and deliberate indifference claim against Defendant Serna. However, Defendant Serna as not been served with process.

**I.**

**DISCUSSION**

Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service of the summons and complaint is not made upon a defendant within 90 days of filing the complaint, federal district courts have the authority to sua sponte dismiss an action without prejudice, after notice to the plaintiff. See Crowley v. Bannister, 734 F.3d 967, 975 (9th Cir. 2013). If, however, a

1

plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m). The burden of establishing good cause is on the plaintiff. Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992). "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action).

Here, the California Department of Corrections and Rehabilitation returned a notice of intent to not waive personal service on Defendant Serna because "KVSP has never had an employee by this name as a radiology technician." (ECF No. 19.)  Therefore, service of process was forwarded to the United States Marshal.  On November 16, 2021, the United States Marshal returned the summons as unexecuted, noting that more information is necessary.  (ECF No. 20.) The Court previously issued an order to show cause for Plaintiff to provide additional information for serve on Defendant Serna.  (ECF No. 21.)  Plaintiff filed a response but simply provided the same information already known.  (ECF No. 23.)  Therefore, the Court allowed the action to proceed with discovery in order to allow Plaintiff to obtain additional information as the identify and/or whereabouts of Defendant Serna.  The discovery deadline has now passed and Defendant Serna has not been served with process.  Accordingly, unserved Defendant Serna should be dismissed under Rule 4(m), without prejudice.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Serna be dismissed from the action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 7, 2023**

UNITED STATES MAGISTRATE JUDGE